# United States District Court

Eastern District of Missouri
111 South 10th Street
St. Louis, Missouri 63102

James G. Woodward                                                                            314-244-7900
Clerk of Court

March 11, 2008


United States District Court
Northern District of California
450 Golden Gate Avenue, P.O. Box 36060
San Francisco, CA 94102
Attn: Simone Voltz


RE:         Carr v. Pfizer Inc., et al.
Case #      4:08CV162 TCM

Re: MDL 05-1699 In re Bextra and Celebrex Marketing, Sales Practices and Products Liability
Litigation

It is our understanding that your court is also utilizing Electronic Case Filing, therefore, we are
including a login and password so you may access documents
        Login: **xxxx**
        Password: **xxxxxx**
This login and password should not be shared with anyone other than federal court personnel who
would have a need to access our electronic case file system You will need Adobe Acrobat reader
loaded on your computer in order to view the documents.

In order to assist you in accessing our electronic file go to https://ecf.moed.circ8.dcn or for help call
the help line at 866-883-7749 (toll free) or 314-244-7650.  If you need further assistance, you may
call the St. Louis Office at (314) 244-7800.

Please acknowledge receipt of above by replying to the e-mail.


Sincerely,
JAMES G. WOODWARD, CLERK

By:     /s/ Melanie Berg
        Deputy Clerk

ATTYNA, CLOSED, TRANSF

# U.S. District Court
## Eastern District of Missouri (LIVE) (St. Louis)
## CIVIL DOCKET FOR CASE #: 4:08-cv-00162-TCM
## Internal Use Only

Carr v. Pfizer Inc., et al.
Assigned to: Mag Judge Thomas C. Mummert, III
Case in other court: Circuit Court of the City of St. Louis,
     0722-CC09408
Cause: 28:1332 Diversity-Product Liability

Date Filed: 02/01/2008
Date Terminated: 03/10/2008
Jury Demand: Both
Nature of Suit: 365 Personal Inj. Prod.
Liability
Jurisdiction: Diversity

**Plaintiff**

**Dave Carr**                          represented by  **Grant L. Davis**
                                                       DAVIS AND BETHUNE
                                                       1100 Main Street
                                                       2930 City Center Square
                                                       Kansas City, MO 64105
                                                       816-421-1600
                                                       Fax: 816-472-5972
                                                       Email: lstevens@dbjlaw.net
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Shawn G. Foster**
                                                       DAVIS AND BETHUNE
                                                       1100 Main Street
                                                       2930 City Center Square
                                                       Kansas City, MO 64105
                                                       816-421-1600
                                                       Fax: 816-472-5972
                                                       Email: sfoster@dbjlaw.net
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

                                                       **Timothy L. Brake**
                                                       DAVIS AND BETHUNE
                                                       1100 Main Street
                                                       2930 City Center Square
                                                       Kansas City, MO 64105
                                                       816-421-1600
                                                       Fax: 816-472-5972
                                                       *LEAD ATTORNEY*
                                                       *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pfizer Inc.**                     represented by **Jon A. Strongman**
                                                 SHOOK HARDY, L.L.P.
                                                 2555 Grand Boulevard
                                                 Kansas City, MO 64108
                                                 816-474-6550
                                                 Fax: 816-421-5547
                                                 Email: jstrongman@shb.com
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Pharmacia Corporation**           represented by **Jon A. Strongman**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Searle, LLC**                     represented by **Jon A. Strongman**
                                                 (See above for address)
                                                 *LEAD ATTORNEY*
                                                 *ATTORNEY TO BE NOTICED*

**Defendant**

**Monsanto Company**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/01/2008 | 1 | NOTICE OF REMOVAL from Circuit Court City of St. Louis, case number 0722-CC09408,( Filing fee $ 350 receipt number 0865000000001342209) Jury Demand,, filed by Pharmacia Corporation, Searle, LLC, Pfizer Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Original Filing Form, # 4 Civil Cover Sheet)(Strongman, Jon) (Entered: 02/01/2008) |
| 02/01/2008 | 2 | NOTICE OF FILING NOTICE OF REMOVAL filed by Defendants Pfizer Inc., Pharmacia Corporation, Searle, LLC Sent To: Grant Davis (Strongman, Jon) (Entered: 02/01/2008) |
| 02/01/2008 | 3 | DISCLOSURE OF CORPORATION INTERESTS CERTIFICATE by Defendants Pfizer Inc., Pharmacia Corporation, Searle, LLC. (Strongman, Jon) (Entered: 02/01/2008) |
| 02/04/2008 |  | Case Opening Notification - Consents issued 2. Judge Assigned: Honorable Thomas C. Mummert. (CDD) (Entered: 02/04/2008) |
| 02/04/2008 | 4 | Letter to attorney Timothy L. Brake from Deputy Clerk Re:Motion for |

| | | |
|---|---|---|
| | | Admission Pro Hac Vice requirements (CDD) (Entered: 02/04/2008) |
| 02/05/2008 | 5 | *Defendants'* ANSWER to Complaint by Pfizer Inc., Pharmacia Corporation, Searle, LLC.(Strongman, Jon) (Entered: 02/05/2008) |
| 02/06/2008 | 6 | ENTRY of Appearance by Grant L. Davis for Plaintiff Dave Carr. (Davis, Grant) (Entered: 02/06/2008) |
| 02/06/2008 | 7 | ENTRY of Appearance by Shawn G. Foster for Plaintiff Dave Carr. (Foster, Shawn) (Entered: 02/06/2008) |
| 02/06/2008 | 8 | MOTION to Remand Case to State Court to Circuit Court City of St. Louis by Plaintiff Dave Carr. (Foster, Shawn) (Entered: 02/06/2008) |
| 02/06/2008 | 9 | MEMORANDUM in Support of Motion re 8 MOTION to Remand Case to State Court to Circuit Court City of St. Louis filed by Plaintiff Dave Carr. (Attachments: # 1 Exhibit A)(Foster, Shawn) (Entered: 02/06/2008) |
| 02/13/2008 | 10 | MOTION to Stay *Pending MDL Transfer* by Defendants Pfizer Inc., Pharmacia Corporation, Searle, LLC. (Attachments: # 1 Text of Proposed Order)(Strongman, Jon) (Entered: 02/13/2008) |
| 02/13/2008 | 11 | MEMORANDUM in Support of Motion re 10 MOTION to Stay *Pending MDL Transfer* filed by Defendants Pfizer Inc., Pharmacia Corporation, Searle, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H) (Strongman, Jon) (Entered: 02/13/2008) |
| 02/13/2008 | 12 | RESPONSE in Opposition re 8 MOTION to Remand Case to State Court to Circuit Court City of St. Louis filed by Defendants Pfizer Inc., Pharmacia Corporation, Searle, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Strongman, Jon) (Entered: 02/13/2008) |
| 03/05/2008 | | (Court only) Letter from Clerk sent to Plaintiff Dave Carr, Defendants Pfizer Inc., Pharmacia Corporation, Searle, LLC re: Failure to file consent forms (consent form sent to party/counsel) (KLH) (Entered: 03/05/2008) |
| 03/06/2008 | 13 | CONDITIONAL TRANSFER ORDER (CTO-95) regarding multidistrict litigation by Clerk of the Panel. Signed on March 3, 2008. (MCB) (Entered: 03/10/2008) |
| 03/10/2008 | | ORDER RECEIPT: (see receipt) Mon Mar 10 15:11:07 CDT 2008 (Berg, Melanie) (Entered: 03/10/2008) |
| 03/10/2008 | 14 | ORDER OF TRANSFER TO OTHER DISTRICT to: Norther District of California. Signed on March 6, 2008. (Email sent to address provided on cover letter to that court to directly access database.)(MCB) (Entered: 03/11/2008) |
| 03/11/2008 | | ORDER RECEIPT: (see receipt) Tue Mar 11 14:41:32 CDT 2008 (Berg, Melanie) (Entered: 03/11/2008) |
| 03/11/2008 | 15 | Letter to Northern District of California from Clerk, USDC - Eastern |

| | | |
|---|---|---|
| | | District of Missouri Re:MDL 05-1699 with acknowledgment receipt requested from the Northern District of California. (MCB) (Entered: 03/11/2008) |
| 03/11/2008 |  | ORDER RECEIPT: (see receipt) Tue Mar 11 14:56:32 CDT 2008 (Berg, Melanie) (Entered: 03/11/2008) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **DAVE CARR,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| **PFIZER INC, MONSANTO COMPANY,** | ) | **PENDING TRANSFER** |
| **PHARMACIA CORPORATION, AND G.D.** | ) | **TO MDL 1699 (*IN RE BEXTRA &*** |
| **SEARLE LLC,** | ) | ***CELEBREX MARKETING,*** |
| | ) | ***SALES PRACTICES & PRODS.*** |
| Defendants. | ) | ***LIAB. LITIG.)*** |
| | ) | |
| | ) | |

## NOTICE OF REMOVAL

COME NOW defendants Pfizer Inc. ("Pfizer"), Pharmacia Corporation
("Pharmacia"), and G.D. Searle LLC ("Searle") (collectively referred to herein as "Defendants"),
by and through their counsel, and, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and with full
reservation of all defenses, file this Notice of Removal of this cause from the Circuit Court for
the City of St. Louis, Missouri, to the United States District Court for the Eastern District of
Missouri, Eastern Division, and allege as follows:

1.   Background.  Plaintiff brings personal injury claims allegedly relating to
his use of Celebrex®, an FDA-approved medication available by prescription only from a
licensed health care provider.  On September 6, 2005, the Judicial Panel on Multidistrict
Litigation ("JPML") issued an order, pursuant to 28 U.S.C. § 1407, establishing a MDL
proceeding in the Northern District of California (MDL-1699) (Breyer, J.) for such Celebrex®-
related actions.  *See In re Bextra & Celebrex Mktg., Sales Pracs. & Prods. Liab. Litig.,* 391 F.
Supp. 2d 1377 (J.P.M.L. 2005).  As required by the Rules of Procedure of the JPML, Defendants

intend to inform the JPML that this case is a potential tag-along action transferable to MDL-1699.  *See* Rules of Procedure of the Judicial Panel on Multidistrict Litig., 199 F.R.D. 425 (J.P.M.L. 2001).  This case is expected to transfer to the MDL Court in due course.

2.   <u>Complaint</u>.  On December 17, 2007, plaintiff filed this action allegedly arising from the use of Celebrex®, an FDA-approved medication available by prescription only from a licensed health care provider.  Plaintiff seeks compensatory and punitive damages.

3.   <u>Basis for Jurisdiction in this Court</u>.  This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1441 because this action originally could have been filed in this Court pursuant to 28 U.S.C. § 1332.  Plaintiff acknowledges that jurisdiction is proper under 28 U.S.C. § 1332.  *See* Petition, at ¶ 18.

4.   <u>Diversity</u>.  There is the requisite complete diversity of citizenship between plaintiff and each of the properly-joined defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.  Furthermore, no properly-joined defendant is a citizen of the State of Missouri.  Indeed, plaintiff acknowledges in the Petition that: "*This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because . . . there is complete diversity of citizenship between the Plaintiff and Pharmacia, Searle, Monsanto and Pfizer.*"  Petition, at ¶ 18 (emphasis added).

a.   <u>Citizenship of Plaintiff</u>.  As per the allegations of the Petition, plaintiff Dave Carr is, and at the time of filing this action was, a citizen of the State of Missouri.  Petition, at ¶ 2.

b.   <u>Citizenship of Defendant Pfizer</u>.  Defendant Pfizer is, and at the time of filing of this action was, a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New York.  *See* Petition, at ¶ 6.  Pfizer is therefore a citizen of the States of Delaware and New York.  28 U.S.C. § 1332(c)(1) ("a

corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.").

        c.     <u>Citizenship of Defendant Pharmacia</u>.  Defendant Pharmacia is, and at the time of filing of this action was, a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey.  *See* Petition, at ¶ 4. Pharmacia is therefore a citizen of the States of Delaware and New Jersey.  28 U.S.C. § 1332(c)(1).

        d.     <u>Citizenship of Defendant Searle</u>.  Defendant Searle is, and at the time of filing of this action was, a limited liability company whose sole member is (and was) Pharmacia & Upjohn Company LLC, which is, and at the time of the filing of this action was, a limited liability company whose sole member is (and was) Pharmacia & Upjohn LLC, which is, and at the time of the filing of this action was, a limited liability company whose sole member is (and was) Pharmacia Corporation which is, and at the time of the filing of this action was, a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey.  Thus, for jurisdictional purposes, Searle is a citizen of Delaware and New Jersey.  *See, e.g.*, *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding an LLC's citizenship is that of its members for diversity jurisdiction purposes).

        e.     <u>Citizenship of Defendant Monsanto Company</u>.  In 1933, an entity known as Monsanto Company was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of 1933 Monsanto Company merged with Pharmacia & Upjohn, Inc., and Monsanto Company changed its name to Pharmacia Corporation ("Pharmacia").  Pharmacia is, and at the time of filing of this action was, a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey and, thus, for

jurisdictional purposes, is a citizen of Delaware and New Jersey.  28 U.S.C. § 1332(c)(1).  *See* Petition, at ¶ 4 .

          f.     As shown below, *infra* ¶ 5, there also is a current agricultural entity known as Monsanto Company that is a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of Missouri.  The present Monsanto Company is not involved, and has never been involved, in the development, sale, marketing or any other aspect of Celebrex®.  In light of plaintiff's acknowledgement that diversity jurisdiction exists, it appears that the present Monsanto Company is not a party to this action.  However, if plaintiff argues that the present Monsanto Company is in fact a party to this action, the presence of that Monsanto Company does not defeat diversity because it has been improperly and fraudulently joined in an attempt to destroy diversity and prevent removal.  *See, e.g., Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002) (in-state defendant is fraudulently joined "when there exists no reasonable basis in fact and law supporting a claim against" that defendant).

          5.     <u>Fraudulent Joinder</u>.  If plaintiff claims that the present Monsanto Company is a party to this action, the citizenship of Monsanto Company should be disregarded because Monsanto Company has been fraudulently joined.  Pursuant to 28 U.S.C. § 1441(b), an action is "removable only if none of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought" *Id.* (emphasis added).  The doctrine of fraudulent joiner prevents plaintiffs from defeating federal diversity jurisdiction simply by naming in-state defendants.  Under this doctrine, in determining whether there is complete diversity, a court must disregard the citizenship of those defendants "when there exists no reasonable basis in fact and law supporting a claim against" the in-state defendant.  *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 871 (8th Cir. 2002).

- 4 -

a.    The Monsanto Ag Company was created and incorporated on February 9, 2000.  *See* Affidavit of Thomas J. DeGroot, attached as **Exhibit A**.

b.    On March 31, 2000, the Monsanto Ag Company changed its name to "Monsanto Company."  *Id.*

c.    Monsanto Company is incorporated under the laws of Delaware and has its principal place of business in St. Louis, Missouri.  *Id.*

d.    Monsanto Company is engaged in the agricultural business and neither the current Monsanto Company nor Monsanto Ag ever designed, produced, manufactured, sold, resold, distributed, or had any other involvement in any aspect of Celebrex®.  *Id.*

e.    Because the present Monsanto Company had nothing to do with Celebrex® at any time, there is no reasonable basis in fact or law that would support a claim against it.  Accordingly, its citizenship should be disregarded for purposes of assessing diversity jurisdiction.  *See Wiles*, 280 F.3d at 871.

6.    Thus, there is complete diversity among all properly-joined defendants and plaintiff.

7.    <u>Amount in Controversy</u>.    It is facially apparent that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  *See* Petition at ¶ 18.  Plaintiff seeks unlimited compensatory and punitive damages arising from injuries that plaintiff alleges was caused by Celebrex®, an FDA-approved medication available upon prescription only by a licensed health care provider.  *See* Petition at ¶ 1.  Punitive damages are included in the calculation of the amount-in-controversy.  *See Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943).  Given the foregoing, the face of the Petition makes clear that plaintiff seeks in excess of $75,000, exclusive of interest and costs.  *See*, *e.g.*, *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (concluding that complaint

"obviously asserts a claim exceeding $75,000" where plaintiff seeks "compensatory and punitive damages" for alleged "serious and life-threatening medical conditions" and economic losses due to the use of a prescription medication).

8.      Plaintiff acknowledges in the Petition that:  *"This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00."*  Petition, at ¶ 18 (emphasis added).

9.      <u>Consent</u>.  All properly joined defendants have joined this removal.  No additional consent to this removal is required.[1]

10.     <u>Notice Given</u>.  The Removing Defendants are filing a Notice to Clerk of Removal with the Clerk of the State Court in which the action is currently pending pursuant to 28 U.S.C. § 1446(d).

11.     <u>Removal is Timely</u>.  On January 3, 2008, plaintiff served Defendants with the Petition.  Accordingly, this Notice of Removal is timely filed within 30 days after the date of receipt of a summons and copy of the initial pleading setting forth the claim for relief upon which this action is based.  *See* 28 U.S.C. § 1446(b); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty day time period under removal statute begins to run from the date of formal service).

12.     <u>Pleadings and Process</u>.  As required by 28 U.S.C. § 1446(a), Removing Defendants have attached copies of all state court process and pleadings to this Notice of Removal as **Exhibit B**.

---

[1]      If plaintiff claims that the present Monsanto Company is a party to this action, the consent of Monsanto Company, a fraudulently-joined defendant, is not required.  *See*, *e.g.*, *Palmquist v. Conseco Med. Ins. Co.*, 128 F. Supp. 2d 618, 620 n.2 (D. S.D. 2000) (holding that "lack of consent [of a fraudulently-joined defendant] is not a barrier to removal."*); Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("application of this requirement [of consent] to *improperly or fraudulently joined* parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists") (emphasis added).

13. <u>Venue</u>.  The United States District Court for the Eastern District of Missouri embraces the county in which the state court action is now pending and, therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. § 105(a)(1).

14. If any question arises as to the propriety of the removal of this action, Removing Defendants request the opportunity to brief any disputed issues and to present oral argument in support of their position that this case is properly removable.

15. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Removing Defendants' right to assert any defense or affirmative matter including, without limitation, the defenses of (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) failure to state a claim; or (6) any other procedural or substantive defense available under state or federal law.

WHEREFORE, Removing Defendants respectfully remove this action from the Circuit Court of the State of Missouri, Twenty-Second Judicial Circuit (City of St. Louis), to this Court, pursuant to 28 U.S.C.§ 1441.

DATED this 1st day of February, 2008.

2796068v1

Respectfully Submitted,

**SHOOK, HARDY & BACON L.L.P.**


By  \_\_\_/s/ Jon A. Strongman_____

Harvey L. Kaplan, E.D. Bar #18126
Angela M. Seaton, E.D. Bar #115200
Jon A. Strongman, E.D. Bar #118013

2555 Grand Blvd.
Kansas City, Missouri 64108
816-474-6550
FAX: 816-421-5547

**ATTORNEYS FOR DEFENDANTS
PFIZER INC., PHARMACIA
CORPORATION, AND G.D. SEARLE LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of February, 2008, a true and correct copy of

the foregoing document was served via the Court's electronic notification system and/or via U.S.

mail upon:

Grant L. Davis
Shawn G. Foster
Thomas C. Jones
Scott S. Bethune
Timothy L Brake
DAVIS, BETHUNE & JONES, L.L.C.
1100 Main Street, Suite 2930
P.O. Box 26470
Kansas City, Missouri  64196
Phone: (816)421-1600
Fax: (816)472-5972

**ATTORNEYS FOR PLAINTIFF**


_____/s/ Jon A. Strongman_____
Attorney for Defendants Pfizer Inc., Pharmacia
Corporation, and G.D. Searle LLC

- 9 -

# EXHIBIT A

## AFFIDAVIT OF THOMAS J. DEGROOT

STATE OF MISSOURI    )
                    ) ss.
COUNTY OF ST. LOUIS   )

I, Thomas J. DeGroot, depose and state that the following information is based upon my personal knowledge and is true and correct:

1.    I am Associate General Counsel for Monsanto Company.

2.    Monsanto Company is incorporated under the laws of Delaware and has its principal place of business in St. Louis, Missouri.

3.    The Monsanto Ag Company was created and incorporated on February 9, 2000.

4.    On March 31, 2000, the Monsanto Ag Company changed its name to "Monsanto Company."

5.    Monsanto Company is engaged in the agriculture business and neither the current Monsanto Company nor Monsanto Ag ever designed, produced, manufactured, sold, resold, distributed, or had any other involvement in any aspect of Celebrex®.

6.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 28, 2005.

_____
Thomas J. DeGroot

STATE OF MISSOURI    )
                    )
COUNTY OF ST. LOUIS   )

Subscribed and sworn to before me this _28th_ day of September, 2005.

_Kathy A. Ehrhard_
Notary Public

My Commission expires:

KATHY A. EHRHARD
St. Louis County
My Commission Expires
December 5, 2006

1771052v1

# EXHIBIT B



# IN THE 22ND JUDICIAL CIRCUIT COURT OF CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>EVELYN M BAKER | Case Number: 0722-CC09408 |
|---|---|
| Plaintiff/Petitioner:<br>DAVE CARR<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>SHAWN GAYLAND FOSTER<br>1100 MAIN STREET<br>SUITE 2930<br>KANSAS CITY, MO 64105 |
| Defendant/Respondent:<br>PFIZER INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | (Date File Stamp) |

## Summons in Civil Case

| The State of Missouri to: PFIZER INC<br>                                    Alias: | |
|---|---|
| CT CORPORATION<br>120 S CENTRAL<br>CLAYTON, MO 63105 | ST LOUIS COUNTY |

*COURT SEAL OF*



*CITY OF ST LOUIS*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

DECEMBER 19, 2007
Date

Mariano Favazza
Circuit Clerk

Further Information:

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Sheriff or Server          Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____          _____
                                          Date                          Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ ( ____miles @ $ ._____per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (7-99) SM30 (SMCC) *For Court Use Only:* **Document Id # 07-SMCC-15717**          1 of 1          Civil Procedure Form No. 1, Rules 54.01 – 54.05,<br>54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

# MISSOURI CIRCUIT COURT
# TWENTY-SECOND JUDICIAL CIRCUIT
# ST. LOUIS CITY

**DAVE CARR, Plaintiff**
6873 N.E. Litton Road
Breckenridge, MO 64625

Plaintiff,

v.

**PFIZER INC**

Serve: Registered Agent
CT Corporation
120 S. Central
Clayton, MO 63105

**MONSANTO COMPANY**

Serve: Registered Agent
CT Corporation
120 S. Central
Clayton, MO 63105

**PHARMACIA CORPORATION,**

Serve: Registered Agent
CT Corporation
120 S. Central
Clayton, MO 63105

**G.D. SEARLE LLC,**

Serve: Registered Agent
CT Corporation
120 S. Central
Clayton, MO 63105

Defendants.

Cause No. 0722 CC09408

Division No. 21

Jury Trial Requested

## PETITION

COMES NOW the plaintiff, and for his petition against Pfizer Inc., Pharmacia

Corporation, Monsanto Company, G.D. Searle LLC, alleges as follows:

1. This is a civil action brought on behalf of Plaintiff, for injuries and suffering. Plaintiff was prescribed and used the prescription medication Celebrex (Celecoxib). This action seeks monetary damages for personal injuries, including damages caused by the drugs named herein and ingested by Plaintiff.

2. Plaintiff is Dave Carr, 6873 N.E. Litton Road, Breckenridge, MO 64625.

3. Defendant G.D. Searle LLC (hereinafter "Searle") is upon information belief an Illinois Corporation, and is registered to do business in Missouri. Searle was a division of Monsanto and was in the business of designing, manufacturing, marketing, selling and distributing the pharmaceutical product Celebrex (Celecoxib).

4. Defendant Pharmacia is a Delaware Corporation licensed and registered to do business in Missouri and can be served through its registered agent: C T Corporation System, 120 South Central Avenue, Clayton, MO 63105.

5. Defendant Monsanto Company (hereinafter "Monsanto") is the parent of Pharmacia, and is a Delaware Corporation. At all times relevant hereto Monsanto through its subsidiary companies was in the business of manufacturing, marketing, selling and distributing the pharmaceutical product Celebrex (Celecoxib). Monsanto is licensed and registered to do business in Missouri, and may be served through its agent: C T Corporation System, 120 South Central Avenue, Clayton, MO 63105.

6. Defendant Pfizer Inc (hereinafter "Pfizer") is a Delaware corporation, and at all times relevant hereto Pfizer was in the business of marketing, selling and distributing the pharmaceutical product Celebrex (Celecoxib). Pfizer is licensed and

2

registered to do business in Missouri and may be served through its agent: CT
Corporation System, 120 South Central Avenue, Clayton, MO 63105

7.      Celebrex (Celecoxib) is a pharmaceutical treatment for musculoskeletal
joint pain associated with osteoarthritis, among other maladies. Searle, Pharmacia,
Monsanto and Pfizer did manufacture, design, package, market and distribute this drug.
Searle, Pharmacia and Pfizer encouraged the use of this drug in improper customers,
misrepresented the safety and effectiveness of this drug and concealed or understated
its dangerous side effects. Searle, Pharmacia, Monsanto and Pfizer aggressively
marketed this drug directly to the consuming public, although only available through
prescription, through the use of various marketing mediums, including, but not limited
to, print and television advertisements. Searle, Pharmacia, Monsanto and Pfizer did this
to increase sales and profits.

8.      At all times relevant hereto, Searle, Pharmacia, Monsanto and Pfizer
actually knew of the defective nature of their product as herein set forth, yet continued
to design, manufacture, market, distribute and sell their product so as to maximize
sales and profits at the expense of the general public's health and safety in conscious
disregard of the foreseeable harm caused by this product. Searle, Pharmacia,
Monsanto and Pfizer's conduct exhibits such an entire want of care as to establish that
their actions were a result of fraud, ill will, recklessness, gross negligence or willful and
intentional disregard to the Plaintiff's individual rights, and hence punitive damages are
appropriate.

**BACKGROUND-CELEBREX**

3

9.    Celebrex is a pharmaceutical treatment for musculoskeletal joint pain associated with osteoarthritis, among other maladies. Searle, Pharmacia, Monsanto and Pfizer did manufacture, design, package, market and distribute this drug. Searle, Pharmacia and Pfizer encouraged the use of this drug in improper customers, misrepresented the safety and effectiveness of this drug and concealed or understated its dangerous side effects. Searle, Pharmacia, Monsanto and Pfizer aggressively marketed this drug directly to the consuming public, although only available through prescription, through the use of various marketing mediums, including, but not limited to, print and television advertisements. Searle, Pharmacia, Monsanto and Pfizer did this to increase sales and profits.

10.    At all times relevant hereto, Searle, Pharmacia, Monsanto and Pfizer actually knew of the defective nature of their product as herein set forth, yet continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by this product. Searle, Pharmacia, Monsanto and Pfizer's conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to the Plaintiff's individual rights, and hence punitive damages are appropriate.

11.    This Complaint seeks redress for damages sustained by Plaintiff, resulting from Plaintiff's use of Celebrex (Celecoxib), manufactured and sold by Pharmacia, Searle, Monsanto and Pfizer.

4

12.    Plaintiff's stroke was caused or significantly contributed to the use of Celebrex (Celecoxib).

13.    The damages sought herein are the direct and proximate result of Pharmacia, Searle, Monsanto and Pfizer's wrongful conduct in connection with designing, testing, inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing, marketing, advertising, promoting, selling, packaging, supplying and/or distributing the prescription drug Celebrex (Celecoxib).

14.    At all times relevant hereto, Pharmacia, Searle, Monsanto and Pfizer were engaged in the business of designing, testing, inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing, marketing, advertising, promoting, selling, packaging, supplying and/or distributing the pharmaceutical drug Celebrex (Celecoxib) throughout the United States.

15.    Had Pharmacia, Searle, Monsanto and Pfizer properly disclosed the risks associated with using Celebrex (Celecoxib), Plaintiff would not have taken it for treatment of pain associated with injury.

16.    Plaintiff did not know of the potential connection between the use of Celebrex (Celecoxib) and his injury until after the FDA issued its recommendation, on April 7, 2005, that Celebrex (Celecoxib) be required to include a black box warning.

**JURISDICTION AND VENUE-CELEBREX**

17.    As a direct and proximate result of the acts and omissions of the Pharmacia, Searle, Monsanto and Pfizer, Plaintiff has sustained permanent and devastating injuries. These injuries have caused, and will continue in the future to

5

cause, extensive pain and suffering, emotional distress, loss in Plaintiff's ability to enjoy life; lost wages and future lost wages, and the expenditure, past and future, of substantial sums of money for medical, hospital, and related care, all to the Plaintiff's general damage in a sum in excess of seventy-five thousand dollars, ($75,000.00).

18.      This Court has jurisdiction pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00, and because there is complete diversity of citizenship between the Plaintiff and Pharmacia, Searle, Monsanto and Pfizer. Venue is proper in this Circuit Court of the City of St. Louis, pursuant to Mo. Rev. Stat. 508.040 because that is where defendant Monsanto maintains offices and agents for the transaction of its usual and customary business and in addition because, upon information and belief, certain of the causes of action accrued in the City of St. Louis.

**COUNT I**

**STRICT PRODUCTS LIABILITY/ DEFECTIVE DESIGN**

19.      Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

20.  Pharmacia, Searle, Monsanto and Pfizer designed, produced, manufactured and injected into the stream of commerce, in the regular course of its business, the pharmaceutical drug Celebrex (Celecoxib) which it knew would be used by plaintiff and others.

21.  At the time Celebrex (Celecoxib) was manufactured and sold to Plaintiff by Pharmacia, Searle, Monsanto and Pfizer, it was defective in design and unreasonably dangerous, subjecting users to risks of heart attacks, strokes, and other

6

illnesses which exceeded the benefits of the products, and for which other safer

products were available. This defective condition made the product unreasonably

dangerous when put to a reasonably anticipated use as treatment for pain relief, which

was the use for which Celebrex (Celecoxib) was advertised.

22.    Alternatively, when the Celebrex (Celecoxib) products were manufactured

and sold to Plaintiff by Pharmacia, Searle, Monsanto and Pfizer, the products were

defective in design and formulation, making use of the product more dangerous than

other drugs for pain relief.

23.    Plaintiff used Celebrex (Celecoxib) in a manner reasonably anticipated.

24.    The Celebrex (Celecoxib) sold to the Plaintiff reached the Plaintiff without

substantial change. Plaintiff was unaware of the dangerous propensities of the product

until well after her use and subsequent stroke and heart attack requiring hospitalization.

The Plaintiff

ingested the Celebrex (Celecoxib) without making any changes or alterations.

25.    As a direct and proximate result of the defective and dangerous design of

the Celebrex (Celecoxib), Plaintiff has been damaged.

26.    Pharmacia, Searle, Monsanto and Pfizer's conduct was done with

conscious disregard for the safety of users of Celebrex (Celecoxib), including Plaintiff.

WHEREFORE, the Plaintiff prays judgment in her favor and against Pharmacia,

Searle, Monsanto and Pfizer in a sum in excess of the jurisdictional requirement of this

court; for costs herein incurred; for such other and further relief as this Court deems just

and proper; and demands that the issues herein contained be tried to a jury.

7

**COUNT II**

**STRICT PRODUCTS LIABILITY/FAILURE TO WARN -CELEBREX**

27.     Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

28.     The Celebrex (Celecoxib) manufactured, supplied, and sold by Pharmacia, Searle, Monsanto and Pfizer was unaccompanied by proper and adequate warnings regarding all adverse side effects associated with the use of Celebrex (Celecoxib), and the comparative severity and duration of the adverse effects. The warnings given by Pharmacia, Searle, Monsanto and Pfizer did not accurately reflect the symptoms, type, scope, or severity of the side effects.

29.     The Celebrex (Celecoxib) manufactured, supplied, and sold by Pharmacia, Searle, Monsanto and Pfizer was an unreasonably dangerous defective product which posed unacceptable risks to human health when put to a reasonably anticipated use by a Plaintiff that was without knowledge of its dangerous characteristics.

30.     Pharmacia, Searle, Monsanto and Pfizer failed to perform adequate testing and study Celebrex (Celecoxib) prior to marketing it or properly analyze and warn based.  Such adequate testing, study or analysis would have shown that Celebrex (Celecoxib) possessed serious life threatening side effects, with respect to which full and proper warnings accurately and fully reflecting symptoms, type of illness, scope and severity should have been given with respect to the use of Celebrex (Celecoxib).

31.     Pharmacia, Searle, Monsanto and Pfizer also failed to act properly on

8

adverse event reports it received about Celebrex (Celecoxib), and failed to properly study Celebrex (Celecoxib)'s pre-market as well as post market.

32.    Pharmacia, Searle, Monsanto and Pfizer also failed to effectively warn users and physicians that numerous other methods of pain relievers, including Ibuprofen, Naproxen, and/or Mobic were safer.

33.    Pharmacia, Searle, Monsanto and Pfizer failed to give adequate postmarketing warnings or instructions for the use of Celebrex (Celecoxib) because after Pharmacia, Searle, Monsanto and Pfizer knew or should have know of the risk of injury from Celebrex (Celecoxib) use, Pharmacia, Searle, Monsanto and Pfizer failed to provide adequate warnings to users or consumers and continued to aggressively promote the product to doctors, hospitals, and directly to consumers.

34.    Plaintiff used Celebrex (Celecoxib) in a manner reasonably anticipated.

35.    As a direct and proximate result of Pharmacia, Searle, Monsanto and Pfizer selling Celebrex (Celecoxib) without adequate warnings, as well as the other conduct mentioned in this Count, Plaintiff has been damaged.

36.    Pharmacia, Searle, Monsanto and Pfizer conduct was done with conscious disregard for safety.

WHEREFORE, the Plaintiff prays judgment in his favor and against Pharmacia, Searle, Monsanto and Pfizer in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried to a jury.

**COUNT III**

9

### NEGLIGENT DESIGN -CELEBREX

37.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

38.    Pharmacia, Searle, Monsanto and Pfizer designed, produced, manufactured and injected into the stream of commerce, in the regular course of its business, the pharmaceutical drug Celebrex (Celecoxib) which it knew would be used by Plaintiff and others.

39.    At the time the Celebrex (Celecoxib) was manufactured and sold to Plaintiff by Pharmacia, Searle, Monsanto and Pfizer, it was defective in design and unreasonably dangerous, subjecting users to risks of heart attacks, strokes, blood clots, and other illnesses which exceeded the benefits of the product, and for which other safer products were available.

40.    Alternatively, when the Celebrex (Celecoxib) product was manufactured and sold to the Plaintiff by Pharmacia, Searle, Monsanto and Pfizer, the product was defective in design and formulation, making use of the product more dangerous than other drugs for pain relief.

41.    The Celebrex (Celecoxib) sold to Plaintiff reached the Plaintiff without substantial change. Plaintiff was unaware of the dangerous propensities of the product until well after her use and subsequent stroke and heart attack. Plaintiff ingested the Celebrex (Celecoxib) without making any changes or alterations.

42.    In designing and manufacturing Celebrex (Celecoxib), Pharmacia, Searle, Monsanto and Pfizer failed to exercise the ordinary care that a careful and prudent drug

10

manufacturer would exercise in the same or similar circumstances.

43.    As a direct and proximate result of the negligent design of the Celebrex (Celecoxib), Plaintiff has been damaged.

44.    Pharmacia, Searle, Monsanto and Pfizer's conduct was done with conscious disregard for the safety of users of Celebrex (Celecoxib), including Plaintiff.

WHEREFORE, the Plaintiff prays judgment in his favor and against Pharmacia, Searle, Monsanto and Pfizer in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried to a jury.

**COUNT IV**

**NEGLIGENT FAILURE TO WARN -CELEBREX**

45.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

46.    Pharmacia, Searle, Monsanto and Pfizer owed Plaintiff a duty to warn of any dangerous defects or side effects; a duty to assure its product did not cause users unreasonable and dangerous risks, reactions, side effects; and a duty to provide adequate post market surveillance and warnings as it learned of Celebrex (Celecoxib) substantial dangers.

47.    Pharmacia, Searle, Monsanto and Pfizer breached its duty of reasonable care to Plaintiff in that Pharmacia, Searle, Monsanto and Pfizer failed to:

a. Conduct sufficient testing which, if properly performed, would have shown that Celebrex (Celecoxib) had serious side effects, including

11

heart attacks, strokes, hypertension, atherosclerosis, blood clots, and other

serious side effects, and warn users of those risks; and/or

b. Include adequate warnings with the Celebrex (Celecoxib) products

that would alert users to the potential risks and serious side effects the drugs; and/or

c. Warn the Plaintiff that use of Celebrex (Celecoxib) carried a risk

of death or permanent disability from heart attacks, strokes, blood clots, other

cardiovascular disorders and other serious side effects; and/or

d. Advise the FDA, the health care industry, and the public about the

adverse reports it had received regarding Celebrex (Celecoxib); and/or

e. Provide Plaintiff with other appropriate warnings.

48.     Pharmacia, Searle, Monsanto and Pfizer should have known that

Celebrex (Celecoxib) caused unreasonably dangerous risks and serious side effects of

which the general public would not be aware. Pharmacia, Searle, Monsanto and Pfizer

nevertheless advertised, marketed and promoted its product knowing there were safer

methods and products for pain control.

49.     As a direct and proximate result of Pharmacia, Searle, Monsanto and

Pfizer negligence and breaches of its duty of reasonable care, Plaintiff has been

damaged.

WHEREFORE, the Plaintiff prays judgment in his favor and against Pharmacia,

Searle, Monsanto and Pfizer in a sum in excess of the jurisdictional requirement of this

court; for costs herein incurred; for such other and further relief as this Court deems just

and proper; and demands that the issues herein contained be tried to a jury.

12

## COUNT V

### FRAUDULENT CONCEALMENT -CELEBREX

50.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

51.    Pharmacia, Searle, Monsanto and Pfizer had actual knowledge of the cardiothrombotic effects of Celebrex (Celecoxib). Despite having knowledge of the cardiothrombotic effects of Celebrex (Celecoxib), Pharmacia, Searle, Monsanto and Pfizer actively concealed and omitted to disclose those effects when marketing Celebrex (Celecoxib) to doctors, health care providers, and to the general public through direct advertisements.

52.    At the time these omissions were made, Pharmacia, Searle, Monsanto and Pfizer had knowledge of the substantial and significant cardiothrombotic effects of Celebrex (Celecoxib).

53.    Pharmacia, Searle, Monsanto and Pfizer omitted to inform Plaintiff of the true cardiothrombotic and other adverse health effects of Celebrex (Celecoxib). Pharmacia, Searle, Monsanto and Pfizer further downplayed the results of various studies showing the cardiothrombotic effects; it withheld adverse reports or gave incorrect information about the reports it received about the side effects of Celebrex (Celecoxib) such as heart attacks and strokes. It further instructed and had a training manual for their sales force to dodge and mislead doctors when they asked questions about the cardiothrombotic effects of Celebrex (Celecoxib).

54.    Pharmacia, Searle, Monsanto and Pfizer failure to disclose material facts

13

constituted fraudulent concealment. Pharmacia, Searle, Monsanto and Pfizer sanctioned approved and/or participated in the failure to disclose.

55.    Pharmacia, Searle, Monsanto and Pfizer had a duty to speak because it had superior knowledge regarding the adverse health effects of Celebrex (Celecoxib) as set forth herein.

56.    The information not disclosed by Pharmacia, Searle, Monsanto and Pfizer was unavailable to Plaintiff and/or her treating health care professionals. Pharmacia, Searle, Monsanto and Pfizer knew the information was unavailable yet approved and participated in instructing its agents, servants and employees to not disclose the information in order to promote the sales of Celebrex (Celecoxib) over other Cox 2 inhibitors as well as any non-steroidal anti-inflammatory such as Ibuprofen, Naproxen, and combined Cox 1 and Cox 2 inhibitors such as Mobic.

57.    Plaintiff was diligent in attempting to seek the information by consulting with his physicians.

58.    The information not disclosed by Pharmacia, Searle, Monsanto and Pfizer was not within the reasonable reach of Plaintiff and/or her treating physicians in the exercise of reasonable care.

59.    The non-disclosed information was material, Pharmacia, Searle, Monsanto and Pfizer knew it was not disclosing complete information and intended that Plaintiff and/or her treating physicians act upon the non-disclosed information in the manner reasonable contemplated.

60.    Plaintiff and/or his treating physician were ignorant as to the undisclosed

14

information and had a right to rely on full disclosure.

61.    If Plaintiff and/or his treating physicians had known the complete
information, they would not have prescribed and/or Plaintiff would not have taken
Celebrex (Celecoxib) as evidenced by Pharmacia, Searle, Monsanto and Pfizer being
required to include a black label warning. Pfizer

62.    Pharmacia, Searle, Monsanto and Pfizer's non-disclosure of information
was outrageous due to their evil motive and reckless indifference to the rights of
Plaintiff, justifying and award of punitive damages.

WHEREFORE, the Plaintiff prays judgment in his favor and against Pharmacia,
Searle, Monsanto and Pfizer in a sum in excess of the jurisdictional requirement of this
court; for costs herein incurred; for punitive damages; for attorneys fees and for such
other and further relief as this Court deems just and proper.

**COUNT VI**

**COMMON LAW FRAUD -CELEBREX**

63.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if
set forth at length herein.

64.    Pharmacia, Searle, Monsanto and Pfizer, at all relevant times, made false
representations and omissions to Plaintiff and other members of the public, including
but not limited to, that Celebrex (Celecoxib) was safe, had been adequately tested to
determine safety, and did not present life-threatening dangers.

65.    These representations and omissions, as set forth in the above
paragraphs, were false. The true facts were that Celebrex (Celecoxib) was not safe,

15

had not been adequately tested, and had dangerous and life-threatening side effects. When Pharmacia, Searle, Monsanto and Pfizer made the representations, it knew them to be false, and said representations were made by Pharmacia, Searle, Monsanto and Pfizer with the intent to deceive Plaintiff and/or her prescribing physicians and with the intent to induce Plaintiff to use the Celebrex (Celecoxib) manufactured by Pharmacia, Searle, Monsanto and Pfizer.

66.     Plaintiff and/or his physicians reasonably relying upon false representations and omissions, Plaintiff's physicians prescribed Celebrex (Celecoxib); Plaintiff used Celebrex (Celecoxib). Plaintiff would not have done so if he had known the true facts. In using Celebrex (Celecoxib), plaintiff exercised ordinary care.

67.     As a direct and proximate result of the aforesaid fraudulent conduct, Pharmacia, Searle, Monsanto and Pfizer caused Plaintiff to suffer the damages and injuries herein alleged.

68.     Pharmacia, Searle, Monsanto and Pfizer conduct was outrageous due to its evil motive or reckless indifference to the rights of Plaintiff, justifying an award of punitive damages.

WHEREFORE, the Plaintiff prays judgment in his favor and against Pharmacia, Searle, Monsanto and Pfizer in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; for punitive damages; for attorneys fees and for such other and further relief as this Court deems just and proper.

**COUNT VII**

**BREACH OF IMPLIED WARRANTY-CELEBREX**

16

69.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

70.    When Pharmacia, Searle, Monsanto and Pfizer placed the Celebrex (Celecoxib) into the stream of commerce, Pharmacia, Searle, Monsanto and Pfizer knew of the use for which the supplement was intended and impliedly warranted to consumers including Plaintiff that the use of Celebrex (Celecoxib) was a safe and acceptable means of relieving pain and impliedly warranted that the product was of merchantable quality and safe for its intended use.

71.    Plaintiff relied upon Pharmacia, Searle, Monsanto and Pfizer and its judgment when he purchased and utilized Celebrex (Celecoxib).

72.    The Celebrex (Celecoxib) was not of merchantable quality and was not safe or fit for its intended use because it was unreasonably dangerous and incapable of satisfying the ordinary purpose for which it was intended, and because it caused serious injury to Plaintiff.

73.    As a direct and proximate result of the dangerous and defective condition of the Celebrex (Celecoxib) Plaintiff suffered a stroke and heart attack, and she incurred economic damages in the form of medical expense.

74.    Plaintiff is entitled to recover from Pharmacia, Searle, Monsanto and Pfizer for all damages caused by the defective product including, but not limited to, damages for pain, suffering, mental anguish, emotional distress, and loss of the capacity to enjoy life, lost past and future income and incurred expense.

WHEREFORE, the Plaintiff prays judgment in his favor and against Pharmacia,

17

Searle, Monsanto and Pfizer in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried to a jury.

**COUNT VIII**

**BREACH OF EXPRESS WARRANTY-CELEBREX**

75.     Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

76.     At all relevant times, Pharmacia, Searle, Monsanto and Pfizer expressly warranted to Plaintiff by statements made by Pharmacia, Searle, Monsanto and Pfizer or its authorized agents, orally or in written publications, package labels, and/or inserts, that the Celebrex (Celecoxib) was safe, effective, fit, and proper for its intended use. The express warranties include, but were not limited to:

77.     Celebrex (Celecoxib) is used in adults for:

a. for relief of the signs and symptoms of osteoarthritis

b. for relief of the signs and symptoms of rheumatoid arthritis in adults

c. management of short-term pain

d. for the management of acute pain in adults

e. for the treatment of primary dysmenorrheal

f. to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP), as an adjunct to usual care

78.     In utilizing Celebrex (Celecoxib), Plaintiff relied upon the skill, judgment, representations, and express warranties of the Pharmacia, Searle, Monsanto and

18

· Pfizer.

79.    The express warranties and representations made by Pharmacia, Searle, Monsanto and Pfizer were false in that Celebrex (Celecoxib) was not safe and was not fit for the use for which it was intended.

80.    As a direct and proximate result of the dangerous and defective condition of Celebrex (Celecoxib), Plaintiff suffered a stroke, and he incurred economic damages in the form of medical expense.

81.    Plaintiff is entitled to recover from Pharmacia, Searle, Monsanto and Pfizer for all damages caused by the defective product including, but not limited to, damages for pain, suffering, mental anguish, emotional distress, and loss of the capacity to enjoy life, lost past and future income and incurred expense.

WHEREFORE, the Plaintiff prays judgment in his favor and against Pharmacia, Searle, Monsanto and Pfizer in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; for such other and further relief as this Court deems just and proper; and demands that the issues herein contained be tried to a jury.

**COUNTS IX**

**NEGLIGENT MISREPRESENTATION-CELEBREX**

82.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if set forth at length herein.

83.    At all relevant times, Pharmacia, Searle, Monsanto and Pfizer knew, or should have known, that there were dangerous side effects resulting from the ingestion of Celebrex (Celecoxib).

19

84.    Pharmacia, Searle, Monsanto and Pfizer knew or reasonably should have known that consumers such as Plaintiff would not have known about the increased risk of stroke and heart attack associated with the ingestion of Celebrex (Celecoxib).

85.    Pharmacia, Searle, Monsanto and Pfizer armed with the knowledge stated in the preceding two paragraphs, preceded with the design, production, manufacture, promotion, advertising, and sale of Celebrex (Celecoxib) without adequate warning of the side effects and dangerous risks to the consuming public including Plaintiff.

86.    Pharmacia, Searle, Monsanto and Pfizer negligently represented Plaintiff the safety and effectiveness of Celebrex (Celecoxib) and concealed material information, including adverse information regarding the safety and effectiveness of Celebrex (Celecoxib). The misrepresentations and/or material omissions made by or perpetuated by Pharmacia, Searle, Monsanto and Pfizer are as follows, Pharmacia, Searle, Monsanto and Pfizer failed to:

a. Conduct sufficient testing which, if properly performed, would have shown that Celebrex (Celecoxib) had serious side effects, including heart attacks, strokes, hypertension, atherosclerosis, blood clots, and other serious side effects, and warn users of those risks; and/or

b. Include adequate warnings with the Celebrex (Celecoxib) products that would alert users to the potential risks and serious side effects the drugs; and/or

c. Warn the Plaintiff that use of Celebrex (Celecoxib) carried a risk of death or permanent disability from heart attacks, strokes, blood clots,

20

- other cardiovascular disorders and other serious side effects; and/or

d. Advise the FDA, the health care industry, and the public about the adverse reports it had received regarding Celebrex (Celecoxib); and/or

e. Provide Plaintiff with other appropriate warnings.

87.    Pharmacia, Searle, Monsanto and Pfizer made the misrepresentations and omissions with the intent for Plaintiff the consuming public to rely upon such information of the absence of such information in selection Celebrex (Celecoxib) as a treatment for pain relief.

88.    Plaintiff justifiably relied on and/or was induced by the misrepresentations and/or active concealment by Pharmacia, Searle, Monsanto and Pfizer and he relied upon the absence of safety information which Pharmacia, Searle, Monsanto and Pfizer suppressed, concealed, or failed to disclose all Plaintiffs' detriment.

89.    As a direct and proximate result of the dangerous and defective condition of Celebrex (Celecoxib) Plaintiff suffered a stroke, and he incurred economic damages in the form of medical expense.

90.    Plaintiff is entitled to recover from Pharmacia, Searle, Monsanto and Pfizer for all damages caused by the defective product including, but not limited to, damages for pain, suffering, mental anguish, emotional distress, and loss of the capacity to enjoy life, lost past and future income and occurred expense.

WHEREFORE, the plaintiff prays judgment in his favor and against Pharmacia, Searle, Monsanto and Pfizer in a sum in excess of the jurisdictional requirement of this court; for costs herein incurred; for such other and further relief as this Court deems just

21

· and proper; and demands that the issues herein contained be tried to a jury.

Respectfully submitted,

DAVIS, BETHUNE & JONES, L.L.C.

By

  Grant L. Davis - #34799
  Shawn G. Foster -  #47663
  Thomas C. Jones - #38499
  Scott S. Bethune - #35685
  Timothy L. Brake - #23802
1100 Main Street, Suite 2930
P.O. Box 26470
Kansas City, MO  64196
Telephone :  (816) 421-1600
Facsimile:    (816) 472-5972
ATTORNEYS FOR PLAINTIFF

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVE CARR,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| vs. | ) | |
| | ) | State Cause No. 0722-CC09408 |
| **PFIZER INC, MONSANTO COMPANY,** | ) | |
| **PHARMACIA CORPORATION, AND G.D.** | ) | JURY TRIAL DEMANDED |
| **SEARLE LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORIGINAL FILING FORM</u>

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY**

**WHEN INITIATING A NEW CASE.**

_____ THIS CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS

PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER _____

AND ASSIGNED TO THE HONORABLE JUDGE _____.


  **X**   NEITHER THIS CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT,

PREVIOUSLY HAS BEEN FILED IN THIS COURT, AND THEREFORE MAY BE OPENED

AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date: _____February 1, 2008_____          __/s/ Jon A. Strongman_____

                                                                    Jon A. Strongman, E.D. Bar #118013

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 1st day of February, 2008, a true and correct copy of the foregoing document was served via the Court's electronic notification system and/or via U.S. mail upon:

> Grant L. Davis
> Shawn G. Foster
> Thomas C. Jones
> Scott S. Bethune
> Timothy L Brake
> DAVIS, BETHUNE & JONES, L.L.C.
> 1100 Main Street, Suite 2930
> P.O. Box 26470
> Kansas City, Missouri  64196
> Phone: (816)421-1600
> Fax: (816)472-5972
>
> **ATTORNEYS FOR PLAINTIFF**

    ___/s/ Jon A. Strongman_____
Jon A. Strongman, E.D. Bar #118013
Attorney for Defendants Pfizer Inc., Pharmacia
Corporation, and G.D. Searle LLC

2

✎JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Dave Carr

## DEFENDANTS
Pfizer Inc., Monsanto Company, Pharmacia Corporation, and G.D. Searle LLC

**(b)** County of Residence of First Listed Plaintiff    Caldwell County, MO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Out of State
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Davis, Bethune & Jones, LLC; 1100 Main St., Suite 2930, Kansas City, MO 64196  (816)421-1600

Attorneys (If Known)
Shook, Hardy & Bacon LLP, 2555 Grand Blvd., Kansas City, MO  64108  (816)474-6550

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question (U.S. Government Not a Party)

☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☒ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 1332
Brief description of cause:
Product Liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____  DOCKET NUMBER _____

DATE
02/01/2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVE CARR,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  4:08-cv-00162-TCM |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **PFIZER INC, MONSANTO COMPANY,** | ) | |
| **PHARMACIA CORPORATION, and G.D.** | ) | |
| **SEARLE LLC,** | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' ANSWER TO PLAINTIFF'S PETITION

NOW COME Defendants Pfizer Inc. ("Pfizer"), Pharmacia Corporation (formerly known as "Monsanto Company"[1]) ("Pharmacia"), and G.D. Searle LLC ("Searle") (collectively "Defendants"), and file this Answer to Plaintiff's Petition ("Petition"), and would respectfully show the Court as follows:

### I.
### PRELIMINARY STATEMENT

The Petition does not state in sufficient detail when Plaintiff was prescribed or used Celebrex® (celecoxib) ("Celebrex®").  Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Celebrex®.

---

[1] Plaintiff's Petition names "Monsanto Company" as a Defendant.  Defendants state that in 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold or distributed Celebrex®.  Given that Plaintiff alleges in the Petition that Monsanto Company was involved in distributing Celebrex®, *see* PLAINTIFF'S PETITION at ¶ 5, Defendants assume Plaintiff means to refer to 1933 Monsanto.  As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

## II.
## ANSWER

1.     Defendants admit that Plaintiff brought this civil action seeking monetary damages, but deny that Plaintiff is entitled to any relief or damages. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

2.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding Plaintiff's citizenship, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Petition.

3.     Defendants admit that Searle is a Delaware limited liability company with its principal place of business in Illinois. Defendants admit that Searle is registered to do business in the State of Missouri. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Petition.

4.     Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey. Defendants admit that Pharmacia is registered to do business in the State of Missouri. Defendants admit that Pharmacia may be served through its registered agent. Defendants deny the remaining allegations in this paragraph of the Petition.

2796259v1

5.    Defendants admit that in 1933 an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware.  On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to Pharmacia Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was incorporated under the laws of Delaware.  On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto").  The 2000 Monsanto is engaged in the agricultural business and does not and has not ever manufactured, marketed, sold, or distributed Celebrex®.  The 2000 Monsanto is not and has never been the parent of either Searle or Pharmacia.  As the 2000 Monsanto does not and has not ever manufactured, marketed, sold, or distributed Celebrex®, Defendants therefore state that the 2000 Monsanto is not a proper party in this matter.  Defendants deny the remaining allegations in this paragraph of the Petition.  Defendants state that the response to this paragraph of the Petition regarding Monsanto is incorporated by reference into Defendants' responses to each and every paragraph of the Petition referring to Monsanto and/or Defendants.

6.    Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.  Defendants admit that Pfizer is registered to do business in the State of Missouri.  Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that Pfizer may be served through its registered agent.  Defendants deny the remaining allegations in this paragraph of the Petition.

7.    Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing

spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

8.      Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

## Response to Background Allegations

9.      Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual

care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

10.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

11.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

12.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

13.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

14.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law

-6-

authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Petition.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

16.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

<u>**Response to Allegations Regarding Jurisdiction and Venue**</u>

17.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding Plaintiff's citizenship, the amount in controversy, and the judicial district in which the asserted claims allegedly arose, and, therefore, deny the same.  However, Defendants admit that Plaintiff claims that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs.

<u>**Response to First Cause of Action: Strict Products Liability – Defective Design**</u>

19.     Defendants incorporate by reference their responses to each paragraph of Plaintiff's Petition as if fully set forth herein.

-7-

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Petition.

21.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Petition.

22.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Petition.

23.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used

-8-

Celebrex®, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Petition.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

25.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

26.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

Answering the unnumbered paragraph following Paragraph 26 of the Petition, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

**Response to Second Cause of Action: Strict Products Liability – Failure to Warn**

27.     Defendants incorporate by reference their responses to each paragraph of Plaintiff's Petition as if fully set forth herein.

28.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

29.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Petition.

30.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

31.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

-10-

32.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

33.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

34.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Petition.

35.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

36.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

Answering the unnumbered paragraph following Paragraph 36 of the Petition, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

## <u>Response to Third Cause of Action: Negligent Design</u>

37.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Petition as if fully set forth herein.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Petition.

39.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Petition.

40.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Petition.

-12-

41.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.    Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

42.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

43.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

44.    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

Answering the unnumbered paragraph following Paragraph 44 of the Petition, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

**Response to Fourth Cause of Action: Negligent Failure to Warn**

45.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Petition as if fully set forth herein.

46.    Defendants state that this paragraph of the Petition contains legal contentions to which no response is required.    To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.    Defendants

-13-

state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Petition.

47.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition, including all subparts.

48.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the Petition.

49.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

Answering the unnumbered paragraph following Paragraph 49 of the Petition, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

## Response to Fifth Cause of Action: Fraudulent Concealment

50.     Defendants incorporate by reference their responses to each paragraph of Plaintiff's Petition as if fully set forth herein.

-14-

51.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

52.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

53.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

54.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

55.     Defendants state that this paragraph of the Petition contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants

-15-

state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

56.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

57.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition, and, therefore, deny the same.

58.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

59.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

60.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of

Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

61.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

62.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

Answering the unnumbered paragraph following Paragraph 62 of the Petition, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

**Response to Sixth Cause of Action: Common Law Fraud**

63.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Petition as if fully set forth herein.

64.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

-17-

65.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

66.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

67.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

68.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

Answering the unnumbered paragraph following Paragraph 68 of the Petition, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

**Response to Seventh Cause of Action: Breach of Implied Warranty**

69.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Petition as if fully set forth herein.

70.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants admit that, during certain periods of

-18-

time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Petition.

71.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Petition.

72.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is unreasonably dangerous, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

73.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.

-19-

Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

74.     Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

Answering the unnumbered paragraph following Paragraph 74 of the Petition, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

**Response to Eighth Cause of Action: Breach of Express Warranty**

75.     Defendants incorporate by reference their responses to each paragraph of Plaintiff's Petition as if fully set forth herein.

76.     Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the Petition.

77.     Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.  Defendants deny the remaining allegations in this paragraph of the Petition, including all subparts.

-20-

78.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Petition.

79.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

80.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

81.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

Answering the unnumbered paragraph following Paragraph 81 of the Petition, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

### Response to Ninth Cause of Action: Negligent Misrepresentation

82.    Defendants incorporate by reference their responses to each paragraph of Plaintiff's Petition as if fully set forth herein.

83.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of

Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

84.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

85.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

86.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition, including all subparts.

87.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Petition.

88.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Petition regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

89.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

90.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

Answering the unnumbered paragraph following Paragraph 90 of the Petition, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Petition.

-23-

### III.
### GENERAL DENIAL

Defendants deny all allegations and/or legal conclusions set forth in Plaintiff's Petition that have not been previously admitted, denied, or explained.

### IV.
### AFFIRMATIVE DEFENSES

Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial. Defendants affirmatively show that:

### First Defense

1.      The Petition fails to state a claim upon which relief can be granted.

### Second Defense

2.      Celebrex® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable federal law. Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.      At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.      At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

2796259v1

## Fifth Defense

5.     Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

## Sixth Defense

6.     Plaintiff's action is barred by the statute of repose.

## Seventh Defense

7.     If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Petition, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

## Eighth Defense

8.     The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

## Ninth Defense

9.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

## Tenth Defense

10.     Any injuries or expenses incurred by Plaintiff were not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

## Eleventh Defense

11.     Defendants affirmatively deny that they violated any duty owed to Plaintiff.

## Twelfth Defense

12.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product.

-25-

Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Celebrex® is a prescription medical product, available only on the order of a licensed physician. Celebrex® provided an adequate warning to Plaintiff's treating and prescribing physicians.

### Thirteenth Defense

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.    Celebrex® was at all times material to the Petition reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

### Fifteenth Defense

15.    Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

### Sixteenth Defense

16.    If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the Petition, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Celebrex® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

### Seventeenth Defense

17.    Plaintiff's alleged damages were not caused by any failure to warn on the part of Defendants.

### Eighteenth Defense

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

-26-

**Nineteenth Defense**

19.    Plaintiff knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiff is barred from recovering against Defendants because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiff's claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Petition were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiff's claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.    Plaintiff's claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.    Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

2796259v1

### Twenty-sixth Defense

26.     Plaintiff's claims are barred or limited to a product liability failure to warn claim because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-seventh Defense

27.     Plaintiff's claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-eighth Defense

28.     Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.     To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirtieth Defense

30.     The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under the both Fourteenth Amendment of the United States Constitution and the Constitution of the State of Missouri, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-first Defense

31.     Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution.

### Thirty-second Defense

32.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-third Defense

33.     Plaintiff's punitive damage claims are preempted by federal law.

-28-

### Thirty-fourth Defense

34.    In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-fifth Defense

35.    Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-sixth Defense

36.    To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

### Thirty-seventh Defense

37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

### Thirty-eighth Defense

38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Petition, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitution of the State of Missouri.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as

to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

## Fortieth Defense

40.    The claims asserted in the Petition are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

## Forty-first Defense

41.    If Plaintiff has sustained injuries or losses as alleged in the Petition, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

2796259v1

### Forty-second Defense

42.    The claims asserted in the Petition are barred, in whole or in part, because Celebrex® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.    Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, waiver, and/or estoppel.

### Forty-fourth Defense

44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses, subsequent medical conditions or natural courses of conditions of Plaintiff, and were independent of or far removed from Defendants' conduct.

### Forty-fifth Defense

45.    The claims asserted in the Petition are barred, in whole or in part, because Celebrex® did not proximately cause injuries or damages to Plaintiff.

### Forty-sixth Defense

46.    The claims asserted in the Petition are barred, in whole or in part, because Plaintiff did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-seventh Defense

47.    The claims asserted in the Petition are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-eighth Defense

48.    The claims must be dismissed because Plaintiff would have taken Celebrex® even if the product labeling contained the information that Plaintiff contends should have been provided.

**Forty-ninth Defense**

49.     The claims asserted in the Petition are barred because the utility of Celebrex®
outweighed its risks.

**Fiftieth Defense**

50.     Plaintiff's damages, if any, are barred or limited by the payments received from
collateral sources.

**Fifty-first Defense**

51.     Defendants' liability, if any, can only be determined after the percentages of
responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if
any, are determined.   Defendants seek an adjudication of the percentage of fault of the
claimants and each and every other person whose fault could have contributed to the alleged
injuries and damages, if any, of Plaintiff.

**Fifty-second Defense**

52.     Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the
common law gives deference to discretionary actions by the United States Food and Drug
Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.     The claims asserted in the Petition are barred, in whole or in part, because Celebrex® is
comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act
("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's
claims conflict with the FDCA, with the regulations promulgated by FDA to implement the
FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,
and with the specific determinations by FDA specifying the language that should be used in the
labeling accompanying Celebrex®.   Accordingly, Plaintiff's claims are preempted by the
Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the
United States.

## Fifty-fourth Defense

54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

## Fifty-eighth Defense

55.    Plaintiff's claims are barred by the limitations and defenses set out in the Missouri Product Liability Act, Mo. Rev. Stat. § 537. 760 *et seq.*, including but not limited to, the "state of the art" defenses as defined in Mo. Rev. Stat. § 537.764.    Defendants incorporate by reference all defenses and/or limitations set forth or referenced in the Missouri Product Liability Act.

## Fifty-ninth Defense

56.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendants.    Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants is not liable in any way.    Mo. Rev. Stat. § 537.765.

## Sixtieth Defense

57.    The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and Article I, § 17 of the Constitution of the State of Missouri, and would additionally violate Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

## Sixty-first Defense

58.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution and are subject to all provisions of Missouri law.

## Sixty-second Defense

59.    Defendants deny that they are liable for any damages in this case.    Defendants contend, however, that any damage award to Plaintiff that utilizes the Missouri joint and several liability

scheme would be unconstitutional, as this scheme is violative of Defendants' due process and equal protection guarantees under the United States and Missouri Constitutions. The Missouri joint and several liability scheme, under Mo. Rev. Stat. § 537.067, violates Defendants' due process guarantees because no legitimate state interest supports § 537.067, and, furthermore, no rational relationship exists between a legitimate state interest and the promotion of the Missouri joint and several liability scheme. Additionally, the Missouri system of assessing joint and several liability violates Defendants' equal protection guarantees because it operates to create arbitrary classifications of individuals, and to treat similarly situated individuals dissimilarly under the law. The joint and several liability scheme is also unconstitutionally void for vagueness under the United States and Missouri Constitutions. Thus, the scheme is unconstitutional and should not be applied in this action.

## Sixty-third Defense

60.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiff's claims.

## V.
## JURY DEMAND

Defendants demand a trial by jury as to all issues so triable.

## VI.
## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiff takes nothing from Defendants by reason of the Petition;

2.    That the Petition be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

Respectfully submitted,

**SHOOK, HARDY & BACON, L.L.P.**


By:_____/s/ Jon A. Strongman_____

    Harvey L. Kaplan, E.D. Bar #18126
    Angela M. Seaton, E.D. Bar #115200
    Jon A. Strongman, E.D. Bar #118013

2555 Grand Blvd.
Kansas City, Missouri 64108
TEL:   (816) 474-6550
FAX:   (816) 421-5547

**ATTORNEYS FOR DEFENDANTS
PFIZER INC., PHARMACIA
CORPORATION, AND G.D. SEARLE LLC**

-35-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of February, 2008, a true and correct copy of the foregoing document was served via the Court's electronic notification system and/or via U.S. mail upon:

.
Grant L. Davis
Shawn G. Foster
Thomas C. Jones
Scott S. Bethune
Timothy L Brake
DAVIS BETHUNE & JONES, L.L.C
1100 Main Street, Suite 2930
Kansas City, Missouri 64196

**ATTORNEYS FOR PLAINTIFFS**

_____/s/ Jon A. Strongman_____
Attorney for Defendants Pfizer Inc., Pharmacia
Corporation, and G.D. Searle LLC

2796259v1